NOT FOR PUBLICATION (Docket No. 16)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JILIAN KLATT, | |
| Plaintiff, | |
| v. | Civil No. 06-4320 (RBK) |
| | **OPINION** |
| TOWNSHIP OF MOORESTOWN, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

Before the Court is a motion by Defendants Township of Moorestown, et al. ("Defendants") for summary judgment on the Complaint of Plaintiff Jilian Klatt ("Plaintiff"). The Complaint alleges that Defendants violated Plaintiff's civil rights protected by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-12, when Defendants allegedly perceived that Plaintiff had a disability and refused to hire her for a position on that basis. For the reasons expressed below, the Court will grant Defendants' motion.

**I.  BACKGROUND**

Plaintiff's claims of discrimination under the ADA and LAD are rooted in her application

for a police officer position in Moorestown Township. Plaintiff was, at the time she filed her Complaint, a police officer in the Township of Pemberton. Plaintiff learned that Moorestown Township planned to hire two police officers. In November 2005, Plaintiff requested permission from Pemberton Township to apply for the Moorestown opening and was granted permission to apply. Plaintiff was interviewed and received a conditional letter of employment from Moorestown in January 2006.

The conditions of her offer were that she successfully complete psychological and physical examinations and a drug test. Plaintiff successfully completed those requirements but was not immediately hired. In or about April 2006, Defendant Harry Johnson, the Director of Police in Moorestown, told Plaintiff that Moorestown had hired another lateral transfer police officer and that Plaintiff's hiring would be delayed until that officer completed his training.

On or about May 30, 2006, Plaintiff was hospitalized due to a problem with her foot. After a five day hospitalization, Plaintiff went back to work in Pemberton. Although Plaintiff's doctors told her, and Plaintiff told officials in Moorestown, that she had no persistent symptoms after the hospitalization, Defendant Johnson informed Plaintiff in August 2006 that he would not recommend that she be hired by Moorestown because of concerns about her medical condition. Defendant Jack Terry, the Township Manager in Moorestown, told Plaintiff that he was not comfortable with the information he had about Plaintiff's medical condition and further informed her that he needed more time to consider her application. Plaintiff stated in deposition testimony that, although she did not recall exactly when the conversation occurred, Terry told Plaintiff that he wanted her to submit to a follow-up medical exam by an independent doctor, not Plaintiff's personal physician.

On September 14, 2006, Plaintiff filed her Complaint in this Court. Defendants' instant motion, filed June 13, 2008, is grounded in the argument that Plaintiff's claims do not meet the prima facie standard to sustain a claim of employment discrimination under the ADA and the LAD. This Court agrees.

## II.     DISCUSSION

### A.     STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the non-moving party." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her]favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the

nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp*.,* 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 2007 WL 2709661 at *1 (3d Cir. Sept. 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2003)).

    B.    ANALYSIS

The facts alleged by Plaintiff are insufficient, as a matter of law, to support a claim of discrimination under the ADA or the LAD. Plaintiff has failed to establish all of the prima facie elements required to sustain her claim of discrimination. Defendants' allegation that she has failed to meet her burden is convincing to this Court.

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A qualified individual with a disability is a person "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "The term 'disability' means, with respect to an individual--(A) a physical or mental impairment that substantially limits one or

more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Plaintiff's claim appears to be that Defendants refused to hire her for the police officer position because of a perception that she had a disability.

The Supreme Court's standard articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), provides the framework this Court uses to assess an ADA claim on a motion for summary judgment. Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 157 (3d Cir. 1995). Under that standard, Plaintiff must first establish a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802. If she succeeds in establishing a prima facie case, the burden shifts to Defendants "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. If Defendants meet their burden, Plaintiff must then prove by a preponderance of the evidence that the legitimate, nondiscriminatory reasons offered by Defendants are a mere pretext for discrimination. Id. at 804-05. The ultimate burden of persuasion, however, remains at all times with Plaintiff.

To establish a prima facie case of discrimination under the ADA, Plaintiff must show that (1) she is a member of a protected class; (2) she applied for and was qualified for the job for which the Defendant Township of Moorestown was seeking applicants; (3) despite her qualifications, she was rejected; and (4) after her rejection, the position remained open and the employer continued to seek applicants. McDonnell Douglas, 411 U.S. at 824.

The part of the LAD that prohibits discrimination on the basis of a disability is generally interpreted in a manner consistent with the ADA. See Clowes v. Terminix Int'l, 538 A.2d 794, 805 (N.J. 1988) (applying Title VII burden-shifting framework to a claim under the LAD of

discrimination on the basis of a handicap); Boshard v. Hackensack Univ. Med. Ctr., 783 A.2d 731, 737-38 (N.J. Super. App. Div. 2001) ("We look to the ADA for guidance because that course has been encouraged by the Supreme Court of this State.") (citing Grigoletti v. Ortho Pharmaceutical Corp., 570 A.2d 903, 906-07 (N.J. 1990)).

      The Court notes that Plaintiff has not presented any evidence to meet her burden at least as to the third element of the prima facie case, that despite her qualifications, she was rejected for the police officer position. Plaintiff merely relies upon her Complaint's allegation that she was rejected for the position based upon her perceived disability. Moreover, Defendants argue that Plaintiff was not rejected for the position but rather asked to submit to further medical evaluation due to her prior hospitalization, which Defendants assert does not amount to an adverse employment action sufficient to meet Plaintiff's prima facie burden. To be sure, the mere requirement of a medical examination to determine Plaintiff's fitness for duty was not an adverse employment action in itself. See Harley v. McCoach, 928 F. Supp. 533, 541-42 (E.D. Pa. 1996). Plaintiff stated in her deposition testimony that she recalls having been told by a Township official that she would be subject to another medical exam and, upon the independent doctor's agreement, hired as a Moorestown police officer. Plaintiff presents no evidence to show that the job was kept open and advertised to other applicants, nor that she was explicitly denied the position. Plaintiff has failed to raise an issue of material fact as to whether or not she was discriminated against, pursuant to the ADA and LAD, due to a perceived disability. Having failed to present evidence to prove a critical element of her prima face case, the adverse act that forms the basis of an allegation, Plaintiff has not met her burden, and her claims under both the ADA and LAD must be denied.

**III.     CONCLUSION**

       For the foregoing reasons, Defendants' motion for summary judgment on Plaintiff's Complaint is **GRANTED**.  The accompanying Order shall issue today.


Dated:   1-8-09                                       /s/ Robert B. Kugler
                                                                                                        ROBERT B. KUGLER
                                                                                                        United States District Judge